[No. 3601.]

Albert Brewer *v.* The State.

1. **Theft.**— Indictment for theft should allege one or more initials of the given name and the surname of any party necessary to be named in such indictment, unless such person be unknown to the grand jury, and then the indictment should allege that fact.
2. **Same.**— If the indictment alleges that the name of the owner of the property stolen is unknown to the grand jury, the proof must show that the grand jury could not, by the use of reasonable diligence, have ascertained the name.

Appeal from the District Court of Brazos.   Tried below before the Hon. W. E. Collard.

The conviction in this case was for the theft of two watches, the property of —— Bowles (whose christian name was to the grand jurors unknown), in Brazos county, Texas, on the 5th day of March, 1877.   A term of five years in the penitentiary was the punishment assessed by the jury against the appellant.

Mrs. Willie Bowles testified, for the State, that, seven or eight years prior to this trial, she lived in Bryan, Brazos county, Texas. The defendant, who was her cousin, spent much of his time at the witness's house, and was there regarded pretty much as a member of the family.   Witness's husband was not at home on the night that the witness's two watches were stolen, and witness, her mother and Mrs. Brewer slept in the north room of the house.   The defendant was at the house that night, and went to bed in the south room, which adjoined the room in which the witness's two watches were. Defendant knew the watches were there, and had free access to them.   Witness heard the defendant leave the house during the night of the theft, but did not hear him return.   When she missed him next morning she concluded that he had gone to market. Shortly after she missed the defendant she missed her two gold watches, worth $75 each, and a chain and cross worth about $5. Defendant not returning, the witness went down town during the day and learned that defendant had left Bryan on the previous night's train.   She then informed City Marshal Carr of her loss, and recovered her watches a few days afterwards through him.   Witness could not recall the exact year when this all occurred, but it was some seven or eight years previous to 1885.   The watches, chain and cross belonged to witness, and were taken without her consent. Defendant had never worn either of these watches, nor had had

either of them in his possession, except on one occasion, when he took one to town for repairs.

J. M. Bowles, the husband of the prosecutrix, testified that he was not at home on the night of the theft, some seven or eight years ago. The watches belonged to witness's wife, and were taken without the witness's consent.

S. T. Dickerson testified that he was on the police force of Bryan when the watches were stolen, and was sent by City Marshal Carr to Calvert in pursuit of defendant. He found defendant in a saloon in Calvert. He was wearing one of the watches, and had the other behind the bar. Witness took him in custody back to Bryan, and turned him and the two watches over to Carr.

Ex-Marshal Carr, of Bryan, corroborated Mrs. Bowles as to the report to him of the loss of the watches, and Dickerson as to the latter's mission to Calvert and its results. This case had been a long time in court. It was the impression of the witness that the defendant escaped from custody at a general jail delivery, but it was quite possible that he was released on bail and his bond subsequently forfeited. He was arrested in Calvert by Dickerson, and brought back to Bryan two or three days after the theft.

Ex-Justice of the Peace Cearnel testified that, in May, 1877, he presided over the examining trial of the defendant, and committed him to custody upon this charge. The State then introduced the judgment forfeiting the defendant's bail bond.

Sheriff Dawson testified that during his three years of incumbency of the office of sheriff of Brazos county, he had kept a lookout for the defendant, and accomplished his arrest in Cass county, Texas, in August, 1884.

J. R. Overall, proprietor of a Calvert hotel in the spring of 1877, testified for the defense that the defendant, stopping at his house, gave him a gold watch with the request that he take good care of it. A day or two afterwards defendant, in charge of policeman Dickerson of Bryan, came to the hotel, asked for and got the watch.

The motion for new trial presented the question discussed in the opinion.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

HURT, JUDGE. This is a conviction for the theft of two watches, the property of Mrs. Willie Bowles. It is alleged in the indictment that the watches were the property of, and taken from the posses-

sion of, —— Bowles, "whose christian name is to the grand jurors unknown."

"In alleging the name of the defendant, or of any other person necessary to be stated in an indictment, it shall be sufficient to state one or more of the initials of the christian name and the surname. . . . When the name of the person is unknown to the grand jury, that fact shall be stated; and if it be the person accused of the offense, a reasonably accurate description of him shall be given in the indictment." (Code Crim. Proc., art. 425.) It will not be questioned for a moment that the name of the owner of the property in theft is necessary to be stated in an indictment for this offense, and if unknown to the jury this fact "shall be stated in the indictment."

Upon the trial the proof was evident that the watches belonged to Mrs. Willie Bowles. This being the case, "the rule requires the State to go further, and show that the grand jury did not know the owner or claimant, and could not, by reasonable diligence, have obtained that information." (*Jorasco* v. *The State*, 6 Texas Ct. App., 238; *Williamson* v. *The State*, 13 Texas Ct. App., 514; *Duval & Pelham* v. *The State*, 63 Ala., 12.)

In the case in hand there was no such proof attempted, and hence the judgment must be reversed. Let us briefly call attention to the necessity and justness of this rule. That the defendant may be thoroughly prepared to meet the charge against him, he is entitled to the name, both christian and surname, of the owner of the property charged to have been stolen. Now the grand jury in the bill of indictment must, if in its power, furnish the defendant with the name of the owner of the property. This is required by the rules of pleading. If the name is not known, this fact must be stated. But, can the grand jury deprive the defendant of the name of the owner of the property arbitrarily, by simply stating that the name is unknown, when in fact it was, and may have been known by the use of reasonable diligence? Clearly not. To permit this would be to license the grand jury arbitrarily to deny to the accused a legal right, and one too of very great importance to his defense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered June 13, 1885.]